IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| CANON, INC., <br> Plaintiff, <br> v. <br> VIRTUAL IMAGING PRODUCTS, INC., <br> Defendant. | Civil Action No. <br> 1:12-CV-0559-RWS |

### UNOPPOSED MOTION OF DEFENDANT VIRTUAL IMAGING PRODUCTS, INC. TO STAY PROCEEDINGS PURSUANT TO 28 U.S.C. § 1659; SPECIAL APPEARANCE OF COUNSEL WITH ALL RIGHTS RESERVED TO CHALLENGE PERSONAL JURISDICTION OF DEFENDANT VIRTUAL IMAGING PRODUCTS, INC.

Specially appearing by counsel to file this Unopposed Motion and reserving all rights to challenge personal jurisdiction and efficacy of service, defendant Virtual Imaging Products, Inc. ("VIP"), pursuant to 28 U.S.C. § 1659, and the Court's inherent authority, hereby moves to stay this case in its entirety as to VIP pending resolution of the investigation now pending before the United States International Trade Commission ("ITC"). The action before the ITC is entitled *In the Matter of Certain Toner Cartridges and Components Thereof*, Inv. No. 337-TA-829 (the "ITC Investigation"). Plaintiff Canon, Inc. ("Canon") has indicated that it will not oppose the stay sought by this motion.

Pursuant to Fed. R. Civ. P. 7, Defendant VIP hereby moves this Court for a stay of the above-captioned civil action.

On January 23, 2012, plaintiff Canon filed the above-captioned litigation naming VIP. The complaint in the present action lists two United States patents as the patents -in –suit: United States Patent No. 5,903,803 and United States Patent No. 6,128,454. On the same day,

*[stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 3/14/12]*

*So Ordered*
*[signature]*
*USDJ*
*3.14-12*

plaintiff Canon filed a Complaint with the ITC alleging that VIP (and numerous other Proposed Respondents) infringe the same two patents.

Section 1659 of Title 28 U.S.C. provides for an automatic stay with respect to any claims that involve the same issues as are before the ITC, until the ITC proceedings are completed. A stay of a district court patent infringement case in favor of a co-pending ITC investigation involving the same patent is mandatory under 28 U.S.C. § 1659(a) where the requirements of that statute are met.[1] As the Court of Appeals for the Federal Circuit has held, Section 1659 requires that the stay of district court proceedings continue until the Commission proceedings are no longer subject to judicial review.[2] The Federal Circuit has flatly rejected the argument that a stay is not mandatory where the only issue left to resolve is monetary damages.[3]

---

[1] In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930 [19 USCS § 1337], at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within--

> (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
> (2) 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a) (2009); see also In re Princo Corp., 478 F.3d 1345, 1355 (Fed. Cir. 2007); Universal Tool & Stamping Co. v. Ventra Group, Inc., 1998 Lexis 11541, *1 (N.D. Ind. 1998) ("it is clear that a stay must (the statute says 'shall') be entered since there is no dispute that the claims here and those before the United States International Trade Commission involve the same issues") (internal parenthetical in original).

[2] In re Princo Corp., 478 F.3d at 1355.

[3] Id. at 1356 ("The statute is not limited to a stay of any district court determination of *issues* pending before the Commission; it extends to any district court 'proceedings' on a 'claim' involving issues pending before the Commission. Here the infringement 'claim' before the district court involves issues pending before the Commission. Damages proceedings relating to such a claim are 'proceedings' that must be stayed. This again serves the purpose of the statute which is designed to bar proceedings in two fora at the same time.") (emphasis in original).

The statute imposes three requirements for issuing a stay: (a) that the same entity is a respondent/defendant in each action, (b) commonality of subject matter, and (c) compliance with the time limit for requesting a stay. All those requirements are met in the present matter.

As to the first requirement, Plaintiff has named VIP as a defendant in the above-captioned litigation and as a respondent in the ITC investigation.[4] As to the second requirement, the patents that Plaintiff has accused VIP of infringing in its ITC complaint – United States Patent No. 5,903,803 and United States Patent No. 6,128,454 – are identical to those asserted in the above-captioned litigation, and Plaintiff's complaint in the above-captioned litigation contains no allegation that VIP has infringed any patent other than the aforementioned ones asserted at the ITC.[5] Finally, the requirement that the request for a stay be filed "30 days after the party is named as a respondent in the proceeding before the Commission, or 30 days after the district court action is filed, whichever is later," also is met here: VIP, which was named as a defendant in the above-captioned litigation on January 23, 2012, was not "named as a respondent in the proceeding before the Commission" until the ITC instituted the ITC investigation on February 22, 2012, fewer than 30 days ago.[6]

---

[4] See **Attachment A** (attaching relevant portions of the ITC complaint).

[5] *Id.*

[6] The ITC's notice of investigation issued on February 22, 2012. See **Attachment B.**

The mere act of filing a complaint at the ITC does not trigger the running of the 30-day deadline specified by 28 U.S.C. § 1659(a), for the ITC must decide whether to institute an investigation based on the complaint filed with it. 19 C.F.R. § 210.10(a)(1) ("The Commission shall determine whether the complaint is properly filed and whether an investigation should be instituted on the basis of the complaint. That determination shall be made within 30 days after the complaint is filed. . . ."). In its ITC complaint, Canon refers to the respondents, including VIP, as "Proposed Respondents." Complaint at pp. i, 5 *et passim.*

Congress enacted Section 1659(a) of Title 28 to prevent a respondent from being forced to defend "infringement proceedings . . . brought against imported goods in two forums at the same time."[7] Accordingly, the statute provides for stays "with respect to any claim that involves the same issues as those pending before the Commission."[8]

In addition to its authority to stay claims pursuant to 28 U.S.C. § 1659(a), the Court, in its sound discretion, has the inherent power to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"[9]

A discretionary stay as to claims in this case against VIP is also appropriate. The infringement and validity issues between Plaintiff Canon and VIP in this case are identical to those before the ITC. This case has been recently filed, VIP has not been served with the complaint, and VIP's response to the complaint is not yet due. No discovery has been taken or even sought. This case is not ready for trial. Experts have not been disclosed; no expert reports have been exchanged; and no expert discovery has been taken. No dispositive or pretrial motions have been filed. Moreover, pursuing the exact same claims of infringement against the exact same products simultaneously in the ITC and before this Court will lead to inefficiency, needless duplication, and misuse of the resources of this Court and the litigants.

Accordingly, Defendant respectfully requests that the Court issue an immediate stay of the above-captioned litigation until the ITC investigation becomes final.

---

[7] H.R. Rep. No. 103-826(I), at 141 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3773, 3913.

[8] H.R. Rep. 103-826(I), at 141; *see also In re Princo*, 478 F.3d at 1355-56.

[9] *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); H.R. Rep. No. 103-826(I), at 141 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3773, 3913.

In filing this motion, Defendant Virtual Imaging Products, Inc. does not waive any procedural rights or any defenses it may be permitted to raise under Rule 12 of the Federal Rules of Civil Procedure 12, or otherwise, including, but not limited to, lack of personal jurisdiction, defective service, and/or improper venue. Rather, Defendant expressly reserves the right to raise all defenses available, including, but not limited to, any defenses under Fed. R. Civ. P. 12, at the appropriate time.

        Respectfully submitted,

        _____
        Albert L. Jacobs, Jr. [AJ5142]
        John Murray [JM0772]
        Tannenbaum, Helpern, Syracuse & Hirschtritt
        900 Third Avenue
        New York, New York 10022
        Telephone: (212) 508-7528
        Facsimile: (212) 937-5219
        Email: Jacobs@thsh.com
        *Counsel to Defendant Virtual Imaging Products, Inc.*

Dated: March 13, 2012