# Fitzpatrick

FITZPATRICK, CELLA, HARPER & SCINTO

NICHOLAS M. CANNELLA
ncannella@fchs.com
212-218-2265

www.fitzpatrickcella.com

NEW YORK
1290 Avenue of the Americas
New York, NY 10104-3800
T 212-218-2100
F 212-218-2200

March 19, 2012



VIA FACSIMILE to 212-805-7925

Honorable Robert W. Sweet, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Canon Inc. v. Virtual Imaging Products, Inc.*,
Case No. 1:12-cv-00559-RWS

Dear Judge Sweet:

We represent Plaintiff Canon Inc. ("Canon") in the above-referenced action. We write to seek the Court's guidance with respect to the service of the summons and complaint on Defendant Virtual Imaging Products, Inc. ("VIP"), which is a foreign corporation located in Ontario, Canada.

This action is currently stayed pending completion of a related investigation before the U.S. International Trade Commission pursuant to 28 U.S.C. § 1659. Canon has not yet effected formal service on VIP. Immediately after filing this action, Canon sent a request for waiver of service under Fed. R. Civ. P. 4(d) to VIP. After the Court ordered the stay, counsel for VIP advised Canon that VIP refuses to waive service.

Under Fed. R. Civ. P. 4(m), the 120-day service period is not applicable to foreign defendants. Instead, a "flexible due diligence" standard is used to determine whether service of process was timely. *Standard Commercial Tobacco Co. v. Mediterranean Shipping Co.*, No. 94 CIV 7040, 1995 WL 753901, at *1 (S.D.N.Y. Dec. 19, 1995) (finding service timely where plaintiff twice requested waiver of service and thereafter served according to the provisions of the Hague Convention).

Under circumstances similar to those here, the U.S. District Court for the Western District of Washington afforded a plaintiff the option of serving foreign defendants during the § 1659 stay, but, in any event, tolled any time constraint, legal or equitable, governing the plaintiff's obligation to serve any defendant during the stay. Order, *Microsoft Corp. v. Barnes & Noble, Inc.*, No. C11-485RAJ, Dkt. # 43 (W.D. Wash., June 8, 2011) (attached hereto). Other district courts have found that, without leave of the court, effecting service during a stay is improper. *See Overland Storage, Inc. v. BDT Automation Technology (Zhuhai FTZ) Co., Ltd.*, No. 10-

Honorable Robert W. Sweet
March 19, 2012
Page 2

CV-1700, 2010 WL 5089002, at *2 (S.D.Cal. Dec. 8, 2010) ("[T]he Court is persuaded that the stay [under § 1659] should extend to service of process."); *Denton v. U.S.*, No. CIV.A.1:04-CV3285, 2006 WL 3783595, at *2 (N.D. Ga. Dec. 21, 2006) ("[A]ny purported service while this action was stayed is invalid.").

In view of the varying approaches taken by other district courts, Canon seeks the guidance of this Court in order to ensure that service on VIP is effected in a timely manner in this action. Accordingly, Canon respectfully requests the Court's leave to serve VIP while the action is stayed, or, in the alternative, requests confirmation from the Court that any time constraint governing Canon's obligation to serve VIP will be tolled for the duration of the stay.

Respectfully submitted,

*/s/ Nicholas M. Cannella*

Nicholas M. Cannella

Attachment

cc:  Albert L. Jacobs, Jr.
     John Murray
     Tannenbaum Helpern Syracuse & Hirschtritt LLP
     900 Third Ave.
     New York, NY 10022
     Counsel for Defendant Virtual Imaging Products, Inc.

FCHS_WS 7502702v1.doc

HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BARNES & NOBLE, INC., et al.,<br><br>Defendants. | CASE NO. C11-485RAJ<br><br>ORDER |

This matter comes before the court on motions from two groups of Defendants to stay this case. Dkt. ## 33, 34. For the reasons stated below, the court GRANTS both motions and directs the clerk to STAY this action.

Plaintiff Microsoft Corporation ("Microsoft") sued various Defendants for infringement of five patents. For purposes of this order, there are three groups of Defendants: Barnes & Noble, Inc. and barnesandnoble.com LLC (collectively "Barnes & Noble Defendants"); Hon Hai Precision Industry Co., Ltd., Foxconn International Holdings Ltd., Foxconn Electronics, Inc., and Foxconn Precision Component (Shen Zhen) Co., Ltd. (collectively "Foxconn Defendants"), and Inventec Corporation.

The Barnes & Noble Defendants and Foxconn Defendants have each filed motions to stay this case pending the outcome of Microsoft's action against them in the

ORDER- 1

03/19/2012 15:05 FAX 212 218 2155    FITZPATRICK NY                                    ☒005
Case 1:12-cv-00559-RWS   Document 8   Filed 03/20/12   Page 4 of 5
Case 2:11-cv-00485-RAJ   Document 43   Filed 06/08/11   Page 2 of 3

1   International Trade Commission ("ITC"). The ITC proceeding seeks a bar on the
2   importation of products that allegedly violate the same five patents. The law permits
3   parties named in an ITC proceeding to stay related District Court litigation pending ITC
4   proceeding's outcome. 28 U.S.C. § 1659(a). Inventec, who has not been served and has
5   made no appearance in this action, has not requested a stay.
6       Microsoft does not oppose a stay.
7       The sole dispute is over service of process on the Foxconn Defendants. Each of
8   them is domiciled in either China or Hong Kong. Microsoft has yet to serve any of them,
9   and each of them has appeared in this action solely for the purpose of moving for a stay,
10  without waiving any service-based defenses Rule 4(m) of the Federal Rules of Civil
11  Procedure generally requires a plaintiff to accomplish service within 120 days of filing
12  suit. Microsoft asks the court to grant it 120 days from the time when the stay is lifted to
13  accomplish service. The Foxconn Defendants ask the court to merely toll the 120-day
14  period, which would leave Microsoft approximately 60 days after the end of the stay to
15  accomplish service.
16      Rule 4(m) does not apply to service on individuals in foreign countries. Fed. R.
17  Civ. P. 4(m) ("This subdivision . . . does not apply to service in a foreign country under
18  Rule 4(f) or 4(j)(1)."). Rule 4(f) explicitly addresses only service on individuals, but
19  Rule 4(h)(2) makes service of corporations outside the United States subject to Rule 4(f)
20  as well. In other words, there is no 120-day period to toll or restart with respect to the
21  Foxconn Defendants. Even if Rule 4(m) applied, the court notes that it has broad
22  discretion to extend the 120-day period.
23      The court rules as follows:
24      1) The court GRANTS the motions to stay (Dkt. ## 33, 34) and directs the clerk
25          to STAY this action.
26
27

ORDER- 2

2) The Barnes & Noble Defendants and the Foxconn Defendants, as the parties requesting this stay, are jointly responsible for promptly notifying the court of any developments in the ITC proceeding affecting the stay.

3) Microsoft may, at its option, serve any foreign Defendant while the stay is in effect. If it does so, it shall serve a copy of this order as well. No Defendant is required to answer or otherwise respond to Microsoft's complaint while the stay is in effect.

4) For the duration of the stay, the court tolls any time constraint, legal or equitable, governing Microsoft's obligation to serve any Defendant.

Dated this 8th day of June, 2011.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER- 3