## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CANON INC.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>VIRTUAL IMAGING PRODUCTS INC.,<br><br>　　　　　　　Defendant. | Case No.: 1:12-cv-00559-RWS |

## STIPULATION, CONSENT JUDGMENT AND INJUNCTION

This Stipulation, Consent Judgment and Injunction ("Consent Judgment") is entered into

by and between Plaintiff Canon Inc. ("Canon") and Defendant Virtual Imaging Products Inc.

("Virtual Imaging Products"), subject to approval by the Court.

WHEREAS, Canon brought this suit against Virtual Imaging Products alleging

infringement of Canon's U.S. Patent Nos. 5,903,803 ("the '803 patent") and 6,128,454 ("the

'454 patent") based on Virtual Imaging Products' unauthorized use, importation, sale and/or

offer for sale of toner cartridges having the following product designations: VT-C4096A, VT-

C4127X, VT-C4129X, VT-C7115X, VT-FX6, VT-Q2612A, VT-Q2612A/C104/FX9 Univ, VT-

Q5949A, VT-Q6511X, VT-Q7516A, VT-Q7551X, VT-Q7553X and VT-S35/C7115X;

WHEREAS, Virtual Imaging Products and Canon have agreed to conclude this litigation

at Canon's initial pleading stage; and

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7|2|12

- 1 -

- 2 -

WHEREAS, Canon and Virtual Imaging Products, through their respective counsel, hereby agree to entry of this Consent Judgment;

NOW, THEREFORE, IT IS HEREBY STIPULATED, ORDERED AND ADJUDGED:

1.     This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code.

2.     This Court has jurisdiction over Virtual Imaging Products and the subject matter of this action under 28 U.S.C §§ 1331 and 1338(a).  Venue is proper in this Court pursuant to 28 U.S.C §§ 1391(b), (c) and/or (d) and 28 U.S.C. § 1400(b).

3.     Canon is the owner of all right, title and interest in and to the '803 and '454 patents.

4.     Virtual Imaging Products does not contest, solely for purposes of this litigation, that all of the claims of the '803 and the '454 patents are valid and enforceable.

5.     Virtual Imaging Products has used, imported, sold and/or offered for sale in the United States toner cartridges accused of infringement in this action.

6.     "Subject Products" shall mean toner cartridges having the following designations: VT-C4096A, VT-C4127X, VT-C4129X, VT-C7115X, VT-FX6, VT-Q2612A, VT-Q2612A/C104/FX9 Univ, VT-Q5949A, VT-Q6511X, VT-Q7516A, VT-Q7551X, VT-Q7553X, and VT-S35/C7115X.  A toner cartridge that does not bear one of the foregoing designations is not a "Subject Product" for purposes of this Paragraph 6.

7.      Effective as of the date this Consent Judgment is entered by the Court, Virtual

Imaging Products and its subsidiaries, affiliates, officers, directors, agents, servants, employees,

successors and assigns, and all other persons and organizations in active concert or participation

with it, are hereby enjoined and restrained from engaging in any of the following activities:

(a)      making, using, selling or offering for sale in the United States, or

importing into the United States, any of the Subject Products and any other toner cartridges or

photosensitive drums having a portion designed to interface with a laser beam printer or other

electrophotographic image forming apparatus (said portion hereinafter referred to as a

"Projection") that is substantially the same as any of the Projections shown in the attached

Appendix;

(b)      otherwise directly infringing, contributorily infringing or inducing

infringement of any of the claims of the '803 or '454 patents with respect to the Subject Products

and any other toner cartridges or photosensitive drums that fall within the scope of one or more

claims of either the '803 patent or the '454 patent, including without limitation any toner

cartridge or photosensitive drum having a Projection that is substantially the same as any of the

Projections shown in the attached Appendix; and

(c)      assisting, aiding or abetting any other person or business entity in

engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above.

8.      Virtual Imaging Products and Canon shall bear their own costs and attorney fees.

- 3 -

9.     This Consent Judgment constitutes a final judgment concerning the subject matter

of this action as between Canon and Virtual Imaging Products.

10.     Virtual Imaging Products and Canon waive any right to appeal from this Consent

Judgment.

11.     Upon entry of this Consent Judgment, this litigation is dismissed with prejudice,

provided, however, that this Court shall retain jurisdiction to enforce the terms and provisions of

this Consent Judgment.

STIPULATED AND CONSENTED TO:

By: _____
Albert L. Jacobs, Jr.
John Murray
TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
Tel: (212) 508-6700
Fax: (212) 371-1084
E-mail: Jacobs@thsh.com,
murray@thsh.com

Attorneys for Defendant
Virtual Imaging Products Inc.

By: _____
Nicholas M. Cannella (NC9543)
Michael P. Sandonato (MS4278)
Anna Y. Huang (AH3552)
Robert J. Czarnecki, Jr. (RC2728)
FITZPATRICK, CELLA, HARPER &
SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
E-mail: ncannella@fchs.com,
msandonato@fchs.com,
ahuang@fchs.com, rczarnecki@fchs.com

Edmund J. Haughey
Stephen E. Belisle
Seth E. Boeshore
FITZPATRICK, CELLA, HARPER &
SCINTO
975 F Street, NW
Washington, DC 20004-1462
Tel: (202) 530-1010
Fax: (202) 530-1055
E-mail: ehaughey@fchs.com,
sbelisle@fchs.com, sboeshore@fchs.com

Attorneys for Plaintiff Canon Inc.

SO ORDERED AND ADJUDGED:

Dated: _____G·2̸8·12_____

_____
Robert W. Sweet
United States District Judge

-1-

## APPENDIX







Projection

Projection

-2-